UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,            )
                          )
    *Plaintiff*,           )    Case No:
*v.*                      )
                          )    HON:
BANK OF AMERICA, N.A.     )
                          )    MAG Judge:
    *Defendant*.           )
_____    )

# COMPLAINT

Comerica Bank makes the following complaint:

## JURISDICTION – PARTIES – VENUE

1. This action is for money damages arising out of a check transaction in which defendant Bank of America, N.A. ("Bank of America"), after taking for deposit a check in the amount of $234,053.00 drawn on plaintiff Comerica Bank ("Comerica"), presented that check to Comerica for payment in violation of defendant's warranties to plaintiff.

2. The federal courts have subject matter jurisdiction over this action under 28 U.S.C. 1332. The amount in controversy exceeds $75,000 and complete diversity of citizenship exists between plaintiff and defendant because:

   a. Comerica is a Texas banking association organized under Texas law with its principal place of business in Dallas, Texas.

   b. Bank of America is a national banking association organized under the laws of the United States. It is a citizen of North Carolina for purposes of determining diversity jurisdiction because it maintains its home office in Charlotte, North Carolina. 28 U.S.C. 1348.

3. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. §1391.

## STATEMENT OF CLAIM

4. Comerica conducts various banking operations in Michigan including, without limitation, at its Livonia Operations Center where the bank processes checks drawn on Comerica deposit accounts.

5. Weiss Construction Co LLC ("Weiss Construction"), a Comerica customer operating out of Novi, Michigan, maintains a checking account identified by numbers xxx6768 (the "Comerica Account").

6. On or about May 28, 2020, Weiss Construction drew on the Comerica Account by issuing check 073783 (the "Check") payable to the order of "Murray Painting Company" in the amount of $234,063.00. [Complaint Exhibit-1 is an accurate image of the Check with appropriate redactions]

7. On June 16, 2020, Bank of America took the Check for deposit from someone other than Murray Painting Company and credited the deposit account of that unknown person for the amount of the Check.

8. On information and belief, Murray Painting Company did not indorse the Check before Bank of America accepted it for deposit and collection from Comerica.

9. The person from whom Bank of America accepted the Check for deposit was not, as a matter of law, entitled to enforce the Check. On information and belief, Murray Painting Company did not hold any interest in the Bank of

America account into which the Check had been accepted for deposit and collection. Nor did Murray Painting Company transfer any rights in the Check to the holder of that Bank of America deposit account.

10. Comerica and Bank of America are both members of the Electronic Check Clearing House Organization ("ECCHO").

11. In accordance with their ECCHO membership, Bank of America was entitled to present the Check to Comerica by electronically transmitting an image of the item rather than presenting the original, physical item itself.

12. On June 16, 2020, Bank of America presented the Check to Comerica by electronically transmitting, through a private electronic clearing house service called SVPCo, an image of the item along with an electronic presentment notice to Comerica's Livonia, Michigan Operations Center where the check transaction was processed. As part of the collection process, Bank of America indorsed the Check by operation of law.

13. Upon Bank of America's endorsement and presentment of the Check, Comerica Bank paid $234,063.00 to Bank of America in good faith and debited a like amount from the Comerica Account.

14. Bank of America's presentment of the Check by means of electronic transmission is governed by the clearing house rules of SVPCo (which

incorporate ECCHO rules) and by the applicable version of the Uniform Commercial Code.

15. Bank of America's presentment of the Check to Comerica constituted Bank of America's warranty, as a matter of law and contract, that it either was a person entitled to enforce the Check or was otherwise authorized to obtain payment or acceptance of the Check on behalf of a person entitled to enforce it. *See e.g.* UCC 3.417(a), 4.208(a).

16. Bank of America breached its warranty because Bank of America was neither entitled to enforce the Check nor authorized to collect on behalf of a person entitled to the enforce the Check.

17. Weiss Construction informed Comerica of the Check's missing indorsement and demanded that Comerica reimburse Weiss Construction for the amount of the Check.

18. Before filing this action, Comerica unsuccessfully sought payment from Bank of America for the damages caused by its breach of its warranty and contractual obligation to Comerica.

## REQUEST FOR RELIEF

WHEREFORE, Comerica Bank requests the following relief:

A. A money judgment against Bank of America in the amount of $234,063.00, plus compensation for expenses, attorney fees, costs, interest, and whatever additional amounts may be allowed by law or contract; and,

B. Such other and further relief against Bank of America, N.A. as this Court deems appropriate.

/s/ Henry Stancato

Stancato Tragge Wells PLLC
*For* Plaintiff, Comerica Bank
Two Towne Square - Suite 825
Southfield, MI 48076
(248) 731-4500
hstancato@stwlawfirm.com
P29538

EXHIBIT-1





```
Posted    : 06/16/2020
Bank      : 00000002
R/T       : 7200009
Account   :         6768
Check     : 73783
Amount    : 234063.00
DIN       : 970385452
```

EXHIBIT-1

Page 1